IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| United States of America *ex rel.* Jackie Byers, | C/A No. 7:21-cv-03109-DCC |
| Plaintiffs, | |
| v. | **OPINION AND ORDER** |
| Amedisys SC LLC, Amedisys Hospice LLC, and Amedisys Inc., | |
| Defendants. | |

This matter is before the Court on Defendants Amedisys Hospice LLC, Amedisys Inc., and Amedisys SC LLC's ("Defendants") Motion to Strike Certain Paragraphs in Plaintiffs' Amended Complaint. ECF No. 132. Relator Jackie Byers filed a Response in Opposition, and Defendants filed a Reply. ECF Nos. 135, 136. For the reasons set forth below, the Motion is denied.

## **BACKGROUND**

In this action, Relators[1] claim Defendants defrauded Medicare through violations of the False Claims Act ("FCA"), 31 U.S.C. § 3729, and the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b. These federal statutes forbid presentment of false or fraudulent claims for payment or approval to the United States Government and prohibit payments

---

[1] "Relators" refers to Relators Jackie Byers, Cathy McGee, Ellyn Ward, and Angela Monroe, who filed the Amended Complaint in this case on October 26, 2021. Following the Court's September 14, 2022, Order Granting in Part and Denying in Part Defendants' Amended Motion to Dismiss, only Byers remains a relator in this case.

to induce individuals to refer patients insured by federal healthcare programs, such as Medicare.

Relators allege that, since at least 2012, Defendants have defrauded the United States by submitting, or causing to be submitted, false or fraudulent claims to Medicare for ineligible hospice patients. ECF No. 90 at 17. Specifically, Relators assert that Defendants created and used false certifications of terminal illness, false patient charts, and other false records to support the fraudulent billing to the Government for hospice care provided to ineligible patients. *Id.* at 58. They claim the patients were not assessed and approved for hospice care by the proper medical professional according to the Medicare regulations and that hospitals, associated employees, and agents were incentivized to provide referrals, admissions, and recertifications of ineligible hospice patients in support of Defendants' fraudulent scheme. *Id.* at 57, 61–63.

Relator Jackie Byers filed a sealed Complaint in this Court on August 14, 2015. *United States of America ex rel. Jackie Byers v. Amedisys Holding LLC et al*, C.A. No. 6:15-cv-03228-BHH (D.S.C. Aug. 14, 2015). Subsequently, Relators Cathy McGee, Angela Monroe, and Ellyn Ward filed separate cases in the United States District Court for the Southern District of West Virginia and the United States District Court for the Eastern District of New York on August 9, 2016, and October 13, 2016, respectively.[2] ECF No. 121 at 9. For more than five years, the Government investigated Relators'

---

[2] Two other relators, Diane Casho and Reba Brandon, filed a separate case in the United States District Court for the District of Maryland. Casho and Brandon later voluntarily dismissed their case with prejudice. ECF No. 121 at 9.

allegations while this case was under seal.  In April 2019, Relators consented to the Government's request to consolidate and transfer the cases to the United States District Court for the District of Massachusetts.  ECF No. 121 at 9.  On February 16, 2021, the Government filed a Notice of Election to decline intervention.[3]  ECF No. 71.  As a result of the Notice of Election, the case was transferred to this Court and unsealed.  ECF Nos. 75, 86.  On October 26, 2021, Relators filed an Amended Complaint.  ECF No. 90.

On September 14, 2022, the Court granted in part and denied in part Defendants' Amended Motion to Dismiss.[4]  ECF No. 130.  Specifically, the Court granted the Motion as to Monroe and Ward's claims, dismissed their claims without prejudice, and dismissed them as relators in this action.  *Id.* at 15.  The Court also granted the Motion as to Byer's Reverse False Claim, dismissing the claim without prejudice.  *Id.*  The Court denied the Motion as to Byer's false claims pursuant to 31 U.S.C. § 3729, including her claim for violation of the Anti-Kickback Statute and her FCA Conspiracy claim.  *Id.*

On September 28, 2022, Defendants filed a Motion to Strike Certain Paragraphs in Plaintiffs' Amended Complaint.  ECF No. 132.  Byers filed a Response in Opposition, and Defendants filed a Reply.  ECF Nos. 135, 136.  The Motion is now before the Court.

---

[3] The Court briefly notes that the decision to decline intervention by the Government is not dispositive of the merits of this action.  *See United States ex rel. Ubl v. IIF Data Solutions*, 650 F.3d 445, 457 (4th Cir. 2011) ("Given its limited time and resources, the government cannot intervene in every FCA action, nor can the government pursue every meritorious FCA claim.").

[4] On April 4, 2022, the Court granted Relators' Motion to Remove Cathy McGee as a Relator in this action.  ECF No. 126.  Thus, the Court denied as moot the portion of Defendants' Amended Motion to Dismiss regarding Relator McGee's claims.  ECF No. 130 at 5.

## APPLICABLE LAW

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" either on its own or on motion made by a party "before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading."  Fed. R. Civ. P. 12(f).  "Rule 12(f) motions are generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'"  *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (quoting 5A A. Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1380, 647 (2d ed. 1990)).

## DISCUSSION

Defendants request that the Court strike the Reverse False Claim in Count Three from Plaintiffs' Amended Complaint, including the heading and paragraphs 212–214, because the claim has been dismissed.  ECF No. 132-1 at 7 n.2.  Defendants also ask this Court to strike numerous factual allegations set forth in Plaintiffs' Amended Complaint related to their alleged fraudulent conduct outside of South Carolina.  *Id.* at 6–10; *see* ECF No. 132-2 (Defendants' Exhibit A outlining the paragraphs they request to strike). Specifically, Defendants argue that because Monroe and Ward were dismissed as relators from this case, any factual allegations related to Defendants' alleged conduct in West Virginia and New Jersey—the states in which the dismissed relators were employed—should also be removed from the case.  *Id.*

The Fourth Circuit Court of Appeals has noted that Rule 12(f) motions are generally viewed with disfavor "because striking a portion of the pleading is a drastic remedy . . . ." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (internal

4

quotations and citations omitted). "When reviewing a motion to strike, 'the court must view the pleading under attack in a light most favorable to the pleader.'" *Holland v. Beaufort Cnty.*, C.A. No. 9:20-CV-03479-DCN-MHC, 2021 WL 5991790, at *1 (D.S.C. Jan. 13, 2021) (quoting *Piontek v. Serv. Ctrs. Corp.*, 2010 WL 4449419, at *3 (D. Md. Nov. 5, 2010)).

As an initial matter, the Court finds that Defendants' Motion to Strike is procedurally barred pursuant to Federal Rule of Civil Procedure 12(g)(2) because their objections to certain portions of the Amended Complaint were not raised in their earlier Rule 12(b)(6) motion to dismiss. *See Thornhill v. Aylor*, 2016 WL 258645, at *1–2 (W.D. Va. Jan. 20, 2016) (finding the defendants' motion to strike was barred pursuant to Rule 12(g)(2) because they did not raise the objections in their earlier Rule 12(b)(6) motions to dismiss); *see also United States ex rel. Powell v. Am. InterContinental Univ., Inc.*, 756 F. Supp. 2d 1374, 1380–81 (N.D. Ga. 2010) (denying motion to strike pursuant to Rule 12(g)(2)); *Cima v. Wellpoint Healthcare Networks, Inc.*, 2007 WL 1068252, at *3–4 (S.D. Ill. Apr. 6, 2007) (finding Rule 12(g)(2) applies to motions filed under Rule 12(f) and setting aside the magistrate judge's order granting in part the defendants' motion to strike).

Rule 12(g) of the Federal Rules of Civil Procedure provides that "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). While there are exceptions to this rule for defenses based on failure to state a claim for which relief can be granted, failure to join an indispensable party, failure to state a legal defense to a claim, and lack of subject matter jurisdiction, none of these exceptions are applicable here. Fed. R. Civ. P. 12(h)(2)–(3). In this case, Defendants

5

seek to strike portions of the Amended Complaint that were the subject of their previous Rule 12(b)(6) motion and could have been raised at that time.  Accordingly, the Court finds Defendants' Motion to Strike is improper under Rule 12(g)(2).  Nevertheless, the Court may strike portions of a pleading on its own under Rule 12(f), and thus, the Court will consider whether to strike these portions of the Amended Complaint.  *See* Fed. R. Civ. P. 12(f)(1) (stating that the court may act "on its own").

Having considered the arguments and submissions of the parties, the Court finds that the heading and the allegations set forth in paragraphs 212–214 associated with Plaintiffs' Reverse False Claim under 31 U.S.C. § 3729(a)(1)(G) should be struck from the Amended Complaint because the Court dismissed the claim in its September 14, 2022 Order on Defendants' Amended Motion to Dismiss.  ECF No. 130.  The Court finds that this portion of the Amended Complaint is immaterial and impertinent because the claim and related allegations are no longer part of the case.

However, the Court denies Defendants' request to strike the factual allegations in the Amended Complaint pertaining to their alleged fraudulent conduct in West Virginia and New Jersey.  At the outset, the Court notes that "a motion to strike is an improper vehicle for challenging relevant factual allegations."  *Doe v. Natraj Enters., Inc.*, C/A No. 2:21-cv-01565-DCN, 2021 WL 3190386, at *3 (D.S.C. July 28, 2021) (citing *Thornhill*, 2016 WL 258645, at *2).  Nevertheless, during discovery and the Government's investigation in this case, Relators obtained information regarding Defendants' fraudulent conduct occurring in South Carolina, West Virginia, and New Jersey.  After the Government declined to intervene, Relators filed an Amended Complaint, which supplemented their previous individual sealed complaints by incorporating specific factual

allegations sufficient to allege a nationwide scheme. *See, e.g.*, *United States v. Berkeley Heartlab, Inc.*, 225 F. Supp. 3d 487, 509 (D.S.C. 2016) (finding that relators "supplemented their complaint with sufficient facts to allege a nationwide scheme"). Defendants appear to contend that Byers must have personal knowledge of the additional allegations for them to remain in the Amended Complaint, but they cite no authority establishing such a requirement, and the Court has likewise found none.[5]  Although Monroe and Ward were dismissed from this action pursuant to the first-to-file rule, and Byers is the only remaining relator in this case, during the course of this litigation Byers gained collective knowledge of Defendants' nationwide fraudulent scheme resulting in the allegations set forth in the Amended Complaint. *See United States ex rel. Raffington v. Bon Secours Health Sys., Inc.*, 285 F. Supp. 3d 759, 774 (S.D.N.Y. 2018) (rejecting Defendants' argument that "a party may never use information obtained in discovery to supplement a complaint"). Moreover, the Court finds Defendants' arguments regarding prejudice unpersuasive because these allegations are made with sufficient particularity to put them on notice of the who, what, where, when, and how of the frauds purportedly committed. Accordingly, Defendants' Motion to Strike is denied.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Strike [132] is **DENIED**. However, the Court, on its own, strikes Count Three of the Amended Complaint pursuant

---

[5] 31 U.S.C. § 3730(e)(4)(A) requires district courts to dismiss an action or claim in FCA cases if the allegations have been previously publicly disclosed, unless the person bringing the action is an original source of the information. Defendants have not argued that Plaintiffs' claims or allegations set forth in the Amended Complaint must be dismissed pursuant to the public disclosure rule. Regardless, the Court finds the statute inapplicable in this case, as there is no evidence that Monroe and Ward's allegations of fraudulent conduct in West Virginia and New Jersey have been previously publicly disclosed.

to Federal Rule of Civil Procedure 12(f)(1) as set out.  Defendants are directed to file an Answer to Plaintiffs' Amended Complaint within 10 days of this Order.

    IT IS SO ORDERED.

                                                  s/ Donald C. Coggins, Jr.
                                                  United States District Judge

May 1, 2023
Spartanburg, South Carolina